UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.     Case No. 8:17-cr-309-T-33JSS

GEORGE CALHOUN

**UNITED STATES' MOTION FOR
FINAL ORDER OF FORFEITURE**

Pursuant to 21 U.S.C. § 853(n)(7) and Rule 32.2(c)(2) of the Federal Rules of Criminal Procedure, the United States of America moves for a Final Order of Forfeiture for a box of approximately 50 rounds of 9mm ammunition and approximately three rounds of 9mm ammunition.  In support of its motion, the United States submits the following memorandum of law.

**MEMORANDUM OF LAW**

**I.     Statement of Facts**

1.     On January 24, 2018, the Court entered a Preliminary Order of Forfeiture for the assets described above, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c).[1]  Doc. 69.

2.     In accordance with 21 U.S.C. § 853(n) and Rule 32.2(b)(6)(C),

---

[1] The United States will not seek a final order of forfeiture for the Sig Sauer 9mm Pistol with magazine because the undersigned was notified by the Federal Bureau of Investigation that the firearm was stolen.  Therefore, the FBI will return the firearm to its rightful owner.

the United States published notice of the forfeiture and of its intent to dispose of the assets on the official government website, www.forfeiture.gov, from January 25, 2018 through February 23, 2018.  Doc. 71.  The publication gave notice to all third parties with a legal interest in the assets to file with the Office of the Clerk—United States District Court, Middle District of Florida, Sam Gibbons Federal Courthouse, 2nd Floor, 801 North Florida Avenue, Tampa, Florida 33602—a petition to adjudicate their interests within 60 days of the first date of publication.

3. No third party has filed a claim to the assets and the time for doing so has expired.

## II. Applicable Law

Pursuant to 21 U.S.C. § 853(n)(7), following the disposition of all petitions, or if no petitions are timely filed in accordance with 21 U.S.C. § 853(n)(2), "the United States shall have clear title to property that is the subject of the order of forfeiture and may warrant good title to any subsequent purchaser or transferee."  21 U.S.C. § 853(n)(7).   It is then appropriate for the Court to enter a final order of forfeiture in accordance with Rule 32.2(c)(2).

As required by 21 U.S.C. § 853(n), the United States published notice of the forfeiture on the official government website, www.forfeiture.gov, from January 25, 2018 through February 23, 2018.  Doc. 71.

Publication by internet is permitted in civil cases pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, of the Federal Rules of Civil Procedure. Federal Rule of Criminal Procedure 32.2(b)(6)(C) provides that publication of notice of criminal forfeiture may be made by any means described in Supplemental Rule G(4)(a)(iv). Publication gave notice to all those who might have an interest in the subject property of the United States' and its intent to dispose of the assets and gave instructions on filing a petition to adjudicate their interests in the assets. In accordance with those provisions, a person or entity had 60 days from the first date of publication to file a petition with the District Court to adjudicate his interest. In this instance, the first date of internet publication was January 25, 2018. Accordingly, the final date for those who did not receive direct written notice to file a petition to adjudicate an interest in the assets was March 26, 2018, and the time for filing such a petition has expired.

No person, other than the defendant Calhoun, whose interest was forfeited to the United States in the Preliminary Order of Forfeiture is known to have any potential interest in the assets. No additional party has filed a petition or claimed an interest in the assets. The time for filing a petition has expired.

Publication having been effected, and no other claim or petition to adjudicate an interest having been filed, it is now appropriate for the Court to enter a Final Order of Forfeiture for the assets.

### III. Conclusion

The United States requests that, pursuant to 21 U.S.C. § 853(n)(7), and Rule 32.2(c)(2), the Court enter a final order forfeiting to the United States all right, title and interest in the assets for disposition according to law and vesting clear title to the property in the United States.

    Respectfully Submitted,

    MARIA CHAPA LOPEZ
    United States Attorney

By:    *s/James A. Muench*
    JAMES A. MUENCH
    Assistant United States Attorney
    Florida Bar Number 472867
    400 North Tampa Street, Suite 3200
    Tampa, Florida 33602
    (813) 274-6000 – telephone
    E-mail: james.muench2@usdoj.gov

## **CERTIFICATE OF SERVICE**

I hereby certify that on March 27, 2018, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system which will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
