UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.  CASE NO. 8:17-cr-309-WFJ-JSS

GEORGE CALHOUN

**GOVERNMENT'S MOTION TO CONTINUE SENTENCING**

The United States respectfully moves on the following grounds for this Court to stay the sentencing in this case for 90 days. Sentencing is presently set for August 18, 2022. In support of this motion, the Government submits the following;

1. On January 19, 2018, George Calhoun pleaded guilty pursuant to a plea agreement. Doc 61. The counts involved possession with intent to distribute in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C) as well as possession of a firearm as a convicted felon in violation of 18 U.S.C. § 922(g)(1).

2. At the time of the change of plea, and as outlined in his plea agreement, the defendant faced a mandatory minimum sentence of 15 years imprisonment with a maximum sentence of life imprisonment under the Armed Career Criminal Act (ACCA) Doc. 59.

3. Accordingly, the first three PSR's conducted on Calhoun all reflected a minimum mandatory of 15 years imprisonment. Docs. 73, 75, and 101.

4. After pleading guilty, Calhoun moved to continue his sentencing at least 12 times. On April 17, 2018 (Doc. 77); September 24, 2018 (Doc. 89); January 29, 2019 (Doc. 92); March 8, 2019 (Doc. 94); April 26, 2019 (Doc. 97); July 12, 2019 (Doc.

103); December 10, 2019 (Doc. 107); July 29, 2020 (Doc. 119); September 30, 2020 (Doc. 124); January 27, 2021 (Doc. 129); July 1, 2021 (Doc. 134) ; and December 14, 2021 (Doc. 138).

5.  On June 10, 2022, the United States Court of Appeals for the Eleventh Circuit decided *United States v. Eugene Jackson*, Case No. 21-13963 in which it held that, for 18 U.S.C. § 922(g) offenses committed after September 2015, Florida convictions for cocaine offenses committed before July 2017 do not qualify as convictions for serious drug offenses under the ACCA because the Florida drug schedule included ioflupane and the federal schedule did not.

6.  On June 13, the Eleventh Circuit withheld issuance of the mandate in *Jackson*.

7.  On July 1, 2022, the States of Alabama, Florida, and Georgia filed an amicus brief in *Jackson*, urging the Eleventh Circuit to rehear that appeal either as a panel or en banc.

8.  The impact of *Jackson* on this defendant's sentencing exposure is significant. Post *Jackson,* and as reflected in his fourth PSR, Calhoon's guideline range is now 70 to 87 months (Doc. 153), less than half of what his original sentence would have been.

9.  A similar motion was filed, and granted in the Middle District of Florida in *United States v. Xavier Jones*, 8:21-cr-143-SCB-CPT.

10. Should the *Jackson* panel or the Eleventh Circuit sitting en banc vacate *Jackson* and issues a new opinion, Calhoon will have received a windfall other similarly

situated defendants would not have. Should that happen, sentencing Calhoon now, rather than waiting a reasonable time, would cause a waste of judicial resources in the event the United States appeals his sentence.

11.  In the event of a low-end sentence of 70 months, Calhoon would still serve a period of incarceration until approximately May 2023. As such, 90 days, when the defendant previously continued his sentence 12 times, is a reasonable amount of time to wait to determine if the 11th Circuit will vacate *Jackson*.

12.  This is the first motion to continue requested by the United States.

13.  Counsel for the defendant, Michael Maddux, has been contacted and is opposed to this motion to continue sentencing.

THEREFORE, the United States respectfully moves this Court to stay the sentencing in this case for 90 days for the reasons set forth above

Respectfully submitted,

ROGER B. HANDBERG
United States Attorney

By:  */s/ Diego F. Novaes*
Diego F. Novaes
Assistant United States Attorney
Florida Bar No. 107376
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Diego.Novaes@usdoj.gov

U.S. v. GEORGE CALHOUN                    Case No. 8:17-cr-309-WFJ-JSS

## CERTIFICATE OF SERVICE

I hereby certify that on August 12, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the following:

Counsel of Record

*/s/ Diego F. Novaes*
Diego F. Novaes
Assistant United States Attorney
Florida Bar No. 107376
400 N. Tampa St., Ste. 3200
Tampa, FL 33602-4798
Telephone: (813) 274-6000
Facsimile: (813) 274-6358
E-mail: Diego.Novaes@usdoj.gov