**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

**UNITED STATES OF AMERICA,**            **CASE NO.: 8:17-cr-00309-WFJ-JSS**

**vs.**

**GEORGE CALHOUN,**
_____/

**SENTENCING MEMORANDUM**

**COMES NOW**, George Calhoun, by and through the undersigned counsel, and files this sentencing memorandum in support of a time served sentence. Mr. Calhoun respectfully requests that this Honorable Court impose a sentence "sufficient, but not greater than necessary" to achieve the sentencing purposes of 18 U.S.C. § 3553(a) which he requests be within the guideline range of the PSR, Offense Level 23, Criminal History IV for a range of 70 – 87 months.

**FACTORS SUPPORTING A GUIDELINE SENTENCE**

1. In the government's motion to continue this sentencing that was denied, the government asserted Mr. Calhoun is receiving a windfall with a 70 month sentence because of *Jackson*. This is the result of the application of the guidelines and the current case law. Such a sentence comes clothed with indicia of reasonableness. Mr. Calhoun seeks a sentence in this range.

2. Mr. Calhoun has been incarcerated since June 22, 2017 at the Pinellas County Jail and the predominantly the Citrus County Jail. He has endured two waves of the Covid pandemic and the restrictions and limitations quarantines and the fear of a devastating illness placed over the facilities.

3. The individual characteristics of Mr. Calhoun support a sentence within the guideline range. *Pepper v. United States*, 131 S.Ct. 1229 (2011), extols consideration of post-sentencing rehabilitation when a defendant appears before the District Court for re-sentencing. The Supreme Court emphasized that post-sentencing rehabilitation was fundamental to the District Court's overarching duty under § 3553(a) to "'impose a sentence sufficient, but not greater than necessary to serve the purposes of sentencing." The Supreme Court declared among other things that the history and characteristics of the defendant *on the day of sentencing* (or re-sentencing in Pepper's

    case) are crucial.  As Mr. Calhoun stands before this Court at his August 2022 sentencing, he is 45 years old.

4. A sentence in the unobjected to guideline range appropriately recognizes the nature of the charges, his genuine remorse and acceptance of responsibility, and the toll of county jail incarceration.

**WHEREFORE**, because a sentence in the guideline range honors the factors of §3553(a) and is "sufficient, but not greater, than necessary", Mr. Calhoun respectfully requests this Honorable Court sentence him in the calculated range.  His sentencing guideline range is 70 - 87 months.

                                                    Respectfully Submitted,

                                                    *s/Michael P. Maddux*
                                                    Michael P. Maddux, P.A.
                                                    Florida Bar No.: 964212
                                                    2102 West Cleveland Street
                                                    Attorney for Defendant, Whitfield
                                                    Tampa, Florida 33606
                                                    Phone: (813) 253-3363
                                                    Fax: (813) 253-2553
                                                    E-mail:  mmaddux@madduxattorneys.com

### CERTIFICATE OF SERVICE

    **I HEREBY CERTIFY** that on this **August 17, 2022**, I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system.

                                                    *s/Michael P. Maddux*
                                                    Michael P. Maddux, Esquire