UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                    Case No. 8:17-cr-309-VMC-JSS

GEORGE CALHOUN

**UNITED STATES' MOTION TO AMEND
JUDGMENT (DOC. 160) TO INCLUDE FORFEITURE**

The United States of America respectfully moves this Court under Rule 36, Federal Rules of Criminal Procedure, to amend the Judgment (Doc. 160) to include the Preliminary Order of Forfeiture (Doc. 69) entered on January 24, 2018. In support, the United States submits the following Memorandum of Law.

**MEMORANDUM OF LAW**

**I.   Prior Proceedings**

1.   On January 19, 2018, the defendant pled guilty to possession with intent to distribute cocaine, fentanyl, and carfentanil, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(C), and possession of a firearm by a convicted felon, in violation of 18 U.S.C. § 922(g)(1) before United States Magistrate Judge Elizabeth A. Jenkins, who recommended that his plea be accepted. Docs. 61, 64. On January 23, 2018, Judge Virginia M. Hernandez Covington accepted his plea and adjudicated him guilty. Doc. 67.

2.   In his Plea Agreement, the defendant admitted to a factual basis which establishes that during the execution of a federal search warrant at this residence, law

enforcement found among other things, a loaded Sig Sauer, .9mm handgun in a closet in the same bedroom that the drugs were located. A box of .9mm ammunition was also present in the closet. The defendant was a felon at the time he possessed the firearm and ammunition as charged in Count Six of the Indictment. Moreover, pursuant to Rule 32.2(b)(4), the defendant agrees that the preliminary order of forfeiture would satisfy the notice requirement and would be final as to the defendant at the time it is entered. The defendant further agreed that, in the event the forfeiture was omitted from the judgment, the forfeiture order may be incorporated into the written judgment at any time pursuant to Rule 36. *Id.* at 10-11.

3. On January 24, 2018, the United States filed a Motion for a Preliminary Order of Forfeiture for the firearm and ammunition. Doc. 68. The Court granted the United States' motion and entered the Preliminary Order of Forfeiture that day. Doc. 69.

4. On August 18, 2022, the defendant was sentenced, and the Judgment was filed with the Court, but the forfeiture order was not included in the Judgment. Doc. 160.

5. Thus, the United States now moves the Court to amend the Judgment (Doc. 160) under Rule 36, Federal Rules of Criminal Procedure, to include the Preliminary Order of Forfeiture (Doc. 68) as required by Rule 32.2(b)(4)(B).

II.     **Legal Authority**

The United States submits that this is an instance where a technical error

occurred in the sentence, because the Preliminary Order of Forfeiture was not included in the defendant's Judgment as required under Rule 32.2(b)(4)(B), which provides as follows:

> **Notice and Inclusion in the Judgment**.
> The court must include the forfeiture when orally announcing the sentence or must otherwise ensure that the defendant knows of the forfeiture at sentencing. **The court must also include the forfeiture order, directly or by reference, in the judgment, but the court's failure to do so may be corrected at any time under Rule 36.**

Fed. R. Crim. P. 32.2(b)(4)(B) (emphasis added), 2010.

**Rule 36. Clerical Mistakes**

> Clerical mistakes in judgments, orders or other parts of the record and errors in the record arising from oversight or omission may be corrected by the court at any time and after such notice, if any, as the court orders.

Fed. R. Crim. P. 36.

The Preliminary Order of Forfeiture was included in the forfeiture allegations of the Superseding Indictment, and the defendant agreed to the forfeiture of the firearm and ammunition in his Plea Agreement (Doc. 59 at 9-10).

The failure to include the forfeiture in the Judgment is a clerical error. See *United States v. Smith*, 656 F.3d 821, 828 (8th Cir. 2011) (district court's failure to make the previously entered preliminary order of forfeiture part of the judgment until two weeks after sentencing was a clerical error that may be corrected under Rule 36); *United States v. Mays,* 2011 WL 2650015, *1 (S.D. Ill. July 6, 2011) (if the court enters a forfeiture order but simply fails to make it part of the J&C, the error may be corrected pursuant to Rule 32.2(b)(4)(B)); *United States v. Holder*, 2010

WL 478369, *3 (M.D. Tenn. Feb. 4, 2010) (under new Rule 32.2(b)(4)(B), the court's failure to make the order of forfeiture part of the judgment at sentencing may be corrected at any time as a clerical error, as long as the defendant was aware at sentencing that forfeiture would be part of his sentence).

Because the Preliminary Order of Forfeiture was included in the forfeiture allegations of the Superseding Indictment, and in the defendant's Plea Agreement, the United States submits that the omission of the Preliminary Order of Forfeiture from the Judgment is a clerical error that may be corrected at any time under Rule 36.

## III.   Conclusion

Accordingly, the United States respectfully requests that the Court amend George Calhoun's Judgment (Doc. 160) to incorporate the Preliminary Order of Forfeiture (Doc. 69) entered on January 24, 2018.

> Respectfully Submitted,
>
> ROGER B. HANDBERG
> United States Attorney
>
> By:   *s/James A. Muench*
> JAMES A. MUENCH
> Assistant United States Attorney
> Florida Bar Number 472867
> 400 North Tampa Street, Suite 3200
> Tampa, Florida 33602
> (813) 274-6000 – telephone
> E-mail: james.muench2@usdoj.gov

## CERTIFICATE OF SERVICE

I hereby certify that on August 19, 2022, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system that will send a notice of electronic filing to counsel of record.

*s/James A. Muench*
JAMES A. MUENCH
Assistant United States Attorney
