Case 8:17-cr-00309-WFJ-JSS   Document 166   Filed 10/07/22   Page 1 of 8 PageID 515
Case 8:17-cr-00309-WFJ-JSS   Document 164   Filed 09/01/22   Page 1 of 8 PageID 501   Page 1 of 6

George Calhoun
8:17-cr-309-WFJ-JSS

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | Case Number: 8:17-cr-309-WFJ-JSS |
| v. | USM Number: 68948-018 |
| GEORGE CALHOUN | Michael P. Maddux, CJA |

## AMENDED JUDGMENT IN A CRIMINAL CASE*

The Defendant pleaded guilty to Counts Four and Six of the Superseding Indictment. The Defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Date Offense Concluded | Count Number(s) |
|---|---|---|---|
| 21 U.S.C. § 841(a)(1), 21 U.S.C. § 841(b)(1)(C) | Possession With Intent to Distribute Heroin, Cocaine, Fentanyl, and Carfentanil | June 22, 2017 | Four |
| 18 U.S.C. § 922(g)(1), 18 U.S.C. § 924(a)(2) | Felon in Possession of Firearm and Ammunition | June 22, 2017 | Six |

The Defendant is sentenced as provided in the following pages of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

In accordance with the Plea Agreement, it is ordered that Counts One, Two, Three and Five of the Superseding Indictment be dismissed. Furthermore, it is ordered that the underlying Indictment be dismissed as to this defendant.

**IT IS ORDERED** that the Defendant must notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the Defendant shall notify the court and United States Attorney of any material change in the Defendant's economic circumstances.

Date of Imposition of Judgment:

September 1, 2022

_____
WILLIAM F. JUNG
UNITED STATES DISTRICT JUDGE

September 1st, 2022

I CERTIFY THE FOREGOING TO BE A TRUE AND CORRECT COPY OF THE ORIGINAL
CLERK OF COURT
UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
BY: _____
DEPUTY CLERK

---

* Amended to include Forfeiture Order

AO 245B (Rev. 09/19) Judgment in a Criminal Case

George Calhoun
8:17-cr-309-WFJ-JSS

## IMPRISONMENT

The Defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of **NINTY-SIX (96) MONTHS. This term consists of terms of 96 months on each of Counts Four and Six, all such terms to run concurrently.**

The Court makes the following recommendations to the Bureau of Prisons:

- Defendant be incarcerated at FCI Jesup or the lowest possible custody available.
- Defendant be considered for the 500 Hour Residential Drug Abuse Program (RDAP), if eligible, or any appropriate substance abuse treatment and counseling program

The Defendant is remanded to the custody of the United States Marshal.

## RETURN

I have executed this judgment as follows:

Defendant delivered on 9/22/2022 to FCC Coleman (COL)

at Coleman, FL, with a certified copy of this judgment.

UNITED STATES MARSHAL

By: Deputy U.S. Marshal

AO 245B (Rev. 09/19) Judgment in a Criminal Case

George Calhoun
8:17-cr-309-WFJ-JSS

## SUPERVISED RELEASE

Upon release from imprisonment, the Defendant will be on supervised release for a term of **THREE (3) YEARS**. **This term consists of a 3-year term as to Count Four and a 3-year term as to Count Six, all such terms to run concurrently.**

## MANDATORY CONDITIONS

1. Defendant shall not commit another federal, state or local crime.
2. Defendant shall not unlawfully possess a controlled substance.
3. Defendant shall refrain from any unlawful use of controlled substances. Defendant shall submit to one drug test within 15 days of placement on supervision and at least two periodic drug tests thereafter as directed by the probation officer. Defendant shall submit to random drug testing not to exceed 104 tests per year.
4. Defendant shall cooperate in the collection of DNA as directed by the Probation Officer.

The Defendant shall comply with the standard conditions that have been adopted by this court (set forth below).

The Defendant shall also comply with the additional conditions on the attached page.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

George Calhoun
8:17-cr-309-WFJ-JSS

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, Defendant shall comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by Probation Officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. Defendant shall report to the Probation Office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the Probation Officer instructs you to report to a different Probation Office or within a different time frame. After initially reporting to the Probation Office, the Defendant will receive instructions from the court or the Probation Officer about how and when the Defendant must report to the Probation Officer, and the Defendant must report to the Probation Officer as instructed.
2. After initially reporting to the Probation Office, you will receive instructions from the court or the Probation Officer about how and when Defendant shall report to the Probation Officer, and Defendant shall report to the Probation Officer as instructed.
3. Defendant shall not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the Probation Officer.
4. Defendant shall answer truthfully the questions asked by your Probation Officer
5. Defendant shall live at a place approved by the Probation Officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
6. Defendant shall allow the Probation Officer to visit you at any time at your home or elsewhere, and Defendant shall permit the Probation Officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. Defendant shall work full time (at least 30 hours per week) at a lawful type of employment, unless the Probation Officer excuses you from doing so. If you do not have full-time employment Defendant shall try to find full-time employment, unless the Probation Officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), Defendant shall notify the Probation Officer at least 10 days before the change. If notifying the Probation Officer at least 10 days in advance is not possible due to unanticipated circumstances, Defendant shall notify the Probation Officer within 72 hours of becoming aware of a change or expected change.
8. Defendant shall not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, Defendant shall not knowingly communicate or interact with that person without first getting the permission of the Probation Officer.
9. If you are arrested or questioned by a law enforcement officer, Defendant shall notify the Probation Officer within **72 hours**.
10. Defendant shall not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. Defendant shall not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the Probation Officer determines that you pose a risk to another person (including an organization), the Probation Officer may require you to notify the person about the risk and Defendant shall comply with that instruction. The Probation Officer may contact the person and confirm that you have notified the person about the risk.
13. Defendant shall follow the instructions of the Probation Officer related to the conditions of supervision.

## U.S. Probation Office Use Only

A U.S. Probation Officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature:_____     Date:_____

AO 245B (Rev. 09/19) Judgment in a Criminal Case

George Calhoun
8:17-cr-309-WFJ-JSS

## ADDITIONAL CONDITIONS OF SUPERVISED RELEASE

1. Defendant shall submit to a search of his person, residence, place of business, any storage units under his control, computer, or vehicle, conducted by the United States Probation Officer at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Defendant shall inform any other residents that the premises may be subject to a search pursuant to this condition. Failure to submit to a search may be grounds for revocation.

2. Defendant shall participate in a substance abuse program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court's directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Substance Abuse Treatment Services. During and upon completion of this program, Defendant is directed to submit to random drug testing.

3. Defendant shall participate in a mental health treatment program (outpatient and/or inpatient) and follow the probation officer's instructions regarding the implementation of this court directive. Further, Defendant shall contribute to the costs of these services not to exceed an amount determined reasonable by the Probation Office's Sliding Scale for Mental Health Treatment Services.

**George Calhoun**
**8:17-cr-309-WFJ-JSS**

## CRIMINAL MONETARY PENALTIES

The Defendant must pay the following total criminal monetary penalties under the schedule of payments set forth in the Schedule of Payments.

| Assessment | Restitution | Fine | AVAA Assessment* | JVTA Assessment** |
|---|---|---|---|---|
| $200.00 | N/A | WAIVED | N/A | N/A |

## SCHEDULE OF PAYMENTS

Having assessed The Defendant's ability to pay, payment of the total criminal monetary penalties is due as follows:

Special Assessment shall be paid in full and is due immediately.

Unless the court has expressly ordered otherwise in the special instructions above, if this judgment imposes a period of imprisonment, payment of criminal monetary penalties shall be due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court, unless otherwise directed by the court, the Probation Officer, or the United States attorney.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) AVAA assessment, (5) fine principal, (6) fine interest, (7) community restitution, (8) JVTA assessment, and (9) penalties, and (10) costs, including cost of prosecution and court costs.

## FORFEITURE

Defendant shall forfeit to the United States those assets previously identified in the Order of Forfeiture, that are subject to forfeiture.

AO 245B (Rev. 09/19) Judgment in a Criminal Case

Case 8:17-cr-00309-WFJ-JSS   Document 166   Filed 10/07/22   Page 7 of 8 PageID 521
Case 8:17-cr-00309-WFJ-JSS   Document 164   Filed 09/01/22   Page 7 of 8 PageID 507
Case 8:17-cr-00309-WFJ-JSS   Document 69   Filed 01/24/18   Page 1 of 2 PageID 131

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.                                         Case No. 8:17-cr-309-T-33JSS

GEORGE CALHOUN

### PRELIMINARY ORDER OF FORFEITURE

The defendant pleaded guilty to Count Six of the Indictment which charges him with possession of a firearm and ammunition by a convicted felon, in violation of 18 U.S.C. § 922(g)(1), and the Court adjudged him guilty of this offense.

The United States moves, pursuant to 18 U.S.C. § 924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, for a Preliminary Order of Forfeiture for the following assets:

  a. A Sig Sauer 9mm Pistol with magazine, Model P224 Extreme, Serial No: 50E005381;

  b. A box of approximately 50 rounds of 9mm ammunition; and

  c. Approximately three rounds of 9mm ammunition.

The United States has established the required connection between the crime of conviction and the assets. Because the United States is entitled to forfeit the property, the motion is GRANTED. Pursuant to 18 U.S.C. §

Case 8:17-cr-00309-WFJ-JSS   Document 166   Filed 10/07/22   Page 8 of 8 PageID 522
Case 8:17-cr-00309-WFJ-JSS   Document 164   Filed 09/01/22   Page 8 of 8 PageID 508
Case 8:17-cr-00309-WFJ-JSS   Document 69   Filed 01/24/18   Page 2 of 2 PageID 132

924(d)(1), 28 U.S.C. § 2461(c), and Rule 32.2(b)(2) of the Federal Rules of Criminal Procedure, the assets described above are FORFEITED to the United States of America for disposition according to law, subject to the provisions of 21 U.S.C. § 853(n), as incorporated by 28 U.S.C. § 2461(c).

The Court retains jurisdiction to complete the forfeiture and disposition of the assets sought by the government.

DONE and ORDERED in Tampa, Florida, this 24th day of January, 2018.

*[signature]*
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:
All Parties/Counsel of Record

2